```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


S.J. GARGRAVE SYNDICATE,                      CIVIL ACTION
ET AL


VERSUS                                        NO: 04-2358


ROLLS-ROYCE COMMERCIAL                        SECTION: "J"(1)
MARINE INC., ET AL
```

## ORDER AND REASONS

Before the Court is the **Motion to Dismiss and/or Motion for Summary Judgment** (Rec. Doc. 17) filed by defendant Rolls-Royce Commercial Marine individually and as successor in interest to Kamewa America, Inc. ("Rolls-Royce"). Plaintiff opposes the motion. The motion, set for hearing on January 4, 2006 is before the Court on briefs without oral argument. For the reasons that follow, the Court finds that the motion should be GRANTED.

## BACKGROUND

"On December 2, 1999, . . . the M/V AVON was engaged in the northbound transit of the Panama Canal. At approximately 11:38 p.m., the vessel struck miter gates Nos. 68 and 69 of the west

side of the Pedro Miguel locks.  The allision allegedly caused extensive damage to the locks, resulting in the temporary shut down of traffic in the west lane of the locks.  The vessel was also damaged in the allision." <u>Panamna Canal Com'n v. Atlantic Shipping Agencies</u>, 2002 WL 31115262, *1 (E.D.La.,2002) (Fallon, J.).  The Panama Canal Commission ("PCC"), at that time an administrative agency of the United States Government, sued Singleton Trading Ltd., Seascot Shipmanagement and African Bulk Trading (hereinafter, "Avon interests"), allegedly the owners, operators, technical consultants and/or managers of the M/V AVON, for the PCC's damages resulting from the allision in this district.[1]  The PCC eventually settled with the Avon interests for $700,000.  When the settlement funds were not forthcoming, the PCC brought a motion to enforce the settlement.  Following a judgment in PCC's favor, the parties executed a Receipt and Satisfaction of Judgment dated September 26, 2003.  The Receipt and Satisfaction reflects that the Avon interests satisfied the judgment entered against them on June 19, 2003.  It did not release or mention any other defendants or potential defendants.

    Plaintiffs herein are the subrogees of the original Avon interests, and for simplicity's sake will also be referred to as

---

[1] Civil Action No. 00-1716.

Avon interests.  Plaintiffs filed the instant suit seeking contribution and/or indemnity from Rolls-Royce for Rolls-Royce's alleged negligence, strict liability and fault in causing the allision between the M/V Avon and the San Miguel locks, and thus the PCC's alleged damages.  The Avon interests contend that a defective product incorporated into the M/V Avon and sold by Rolls-Royce predecessor Kamewa America, Inc. caused the allision.

Rolls-Royce has filed the instant motion seeking dismissal and arguing that the Avon interests have no right of contribution against it because the Avon interests did not obtain a release from liability for Rolls-Royce when the Avon interests settled their claim with the PCC.

## DISCUSSION

Under the so-called "proportionate share" rule set forth by the Supreme Court in McDermott v. AmClyde, "when a tortfeasor settles a claim against it, but does not obtain a release for the other tortfeasors, it has settled only its proportionate share of the total damages, no more and no less."  Murphy v. Florida Keys Elec. Coop, 329 F.3d 1311, 1314 (11th Cir. 2003), citing AmClyde, 511 U.S. 202 (1994); see also, North and South American Shipping v. United States, 352 F. Supp.2d 734 (E.D. La. 2005).  Because "[t]he settling defendant is assumed to settle for its proportionate share... there should be no need or reason to seek

3

contribution or indemnity from the non-settling defendant" who is not released from liability and therefore remains liable for its proportionate share of damages.  North and South American Shipping, 352 F. Supp.2d at 746-47; see also, Murphy, 329 F.3d at 1315; AmClyde, 511 U.S. at 209.  Accordingly, no suit for contribution lies against a non-settling tortfeasor who is not released from liability.  Murphy, 329 F.3d at 1315, quoting AmClyde, 511 U.S. at 209.  To permit contribution in such a case would lead to the absurd result that the non-settling tortfeasor was contributing funds to discharge the settling parties' liability without reducing its own exposure.

Applying these straightforward principles to the instant case leads to the conclusion that the Avon interests cannot maintain an action for contribution against Rolls-Royce, because the only settlement document in the record reflects that only the Avon interests participated in the settlement and satisfied the judgment.  The Receipt does not mention Rolls-Royce. Accordingly, Rolls-Royce may not be required to contribute to the funds discharging the Avon interests' liability, when such a payment would not reduce Rolls-Royce's liability.

The Avon interests' opposition is premised on their contention that the $700,000 settlement did not just release the Avon interests from liability to PCC, but released the liability

4

of all tortfeasors and potential defendants, including Rolls-Royce.  Rec. Doc. 22, Memo in Opp. at 8 ("the PCC chose to pursue one original defendant for the full measure of damages...").  The Avon interests suggest that "[u]pon payment *in full* of the PCC's claim, plaintiffs obtained the right to seek recovery from any co-tortfeasors whether named as original defendant or not."  Id. (emphasis added).  And again: "plaintiffs, having paid the debt *for which Rolls-Royce Louisiana (and Rolls Royce London) was primarily liable*, stands in the shoes of the original plaintiff, the PCC, who had a direct cause of action in it own right against Rolls-Royce Louisiana for the entirety of its damages...."  Id. at 9 (emphasis added).

The flaw in this argument, however, is that there is simply no evidence that the Avon interests paid a debt for which Rolls-Royce Louisiana was primarily liable.  Because Rolls-Royce was not released through the Avon interests' settlement, the Court can only conclude that the settlement satisfied the Avon interests' proportionate share of the PCC's damages, and did not affect Rolls-Royce's liability in any way.  As previously noted, the sole settlement document does not mention Rolls-Royce, and that fact that PCC settled a $2 million dollar-plus claim[2] for

---

[2]Plaintiff's opposition memorandum acknowledges that PCC's claim was for in excess of $2 million.  Rec. Doc. 22, Memo in Opp. at 4.  The record of the earlier case reflects that PCC

$700,000 belies the contention that the settlement was for the full measure of PCC's damages.  Rather, the Court concludes that the Avon interests settled only their own proportionate share of the PCC's damages.  Therefore, the Avon interests cannot maintain a contribution/indemnity claim against Rolls-Royce for the amounts paid in settlement to the PCC, and no fact issues are present precluding judgment in this case.  Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 17) filed by defendant Rolls-Royce Commercial Marine should be **GRANTED**, and the claims against it are hereby **DISMISSED**.

New Orleans, Louisiana, this __11th__ day of January, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

required the Avon interests to post a $1.5 million letter of undertaking to cover the costs of repairing the damaged gates. <u>Panama Canal Com'n v. Atlantic Shipping Agencies</u>, 2002 WL 31115262, *1.